<div style="text-align:center">M'CARTY *against* VICKERY.</div>

*After a delivery of goods sold, the seller cannot, on account of fraud in the contract, forbid the goods to be taken away, and bring an action of trespass against a person taking them away.*

IN ERROR, on *certiorari* to a justice's court.

*Vickery,* the plaintiff below, brought an action of *trespass* against *M'Carty* for cutting and taking away some wood. The defendant pleaded not guilty, and the cause was tried before a jury.

On the trial, it appeared, that one *Peter Fake* had bought some wood of the plaintiff, and gave a note, signed by himself and one *Henry M'Carty,* as security. The wood was delivered to *Fake,* and the defendant below had been engaged in taking it away. The plaintiff afterwards forbade the defendant to take away the wood, alleging, that a fraud had been practised upon him in the purchase, and charging the defendant with being a party

to it. *Fake*, and his security, *Henry M'Carty*, were generally reputed to be insolvent. The jury found a verdict for the plaintiff.

*Per Curiam.* Although it is pretty evident that the plaintiff below was deceived in the sale of his wood to *Fake*, yet there is no principle upon which an action of trespass can be sustained against the defendant. The wood had actually been delivered to *Fake*; the plaintiff was, therefore, devested of the possession, which is necessary to the support of an action of trespass. Had not the plaintiff parted with the possession, the insolvency of the purchaser might have justified a refusal to deliver; but, by the delivery, the property was changed, and trespass could not be maintained.

<div align="right">Judgment reversed.</div>