### CONWAY *vs.* BUSH and others.

On a sale of chattels for cash, the buyer cannot take the goods, or sue for them, without payment.

Where the vendor sold to the plaintiff a quantity of hops, to be paid for on delivery, and sent them to the defendants, who were forwarders and warehousemen, to be delivered to the plaintiff on payment, it was *Held* that the title did not pass, before payment, and that the plaintiff having neglected to make payment and receive the hops, for an unreasonable time after being notified of their arrival, could not maintain trover against the defendants, who shipped them to another market, in pursuance of the orders of the vendor.

MOTION on the part of the plaintiff to set aside the report of a referee. The action was trover, brought to recover the value of a quantity of hops. The defendants were warehousemen and forwarders, and received the hops from William King, of

---
Conway *v.* Bush.
---

Malone, the owner, who had sent them to Ogdensburgh to be sold to the plaintiffs for cash ; and on the plaintiff's failure to pay, shipped them to New-York by the order of King.

*J. W. Grant,* for the plaintiff.

*James & Brown,* for the defendants.

*By the Court,* WILLARD, J. The sale of the hops by King to the plaintiff was treated by both parties as a cash sale. It was not intended that they should be delivered until payment. A present right of property, therefore, never vested in the plaintiff. This is a well established principle in the doctrine of sales. (*McDonald* v. *Hewitt,* 15 *John.* 349. 6 *East,* 614. 13 *Id.* 522. 2 *Kent's Com.* 492.) As between the plaintiff and King, the title still remained in the latter, and he had of course a right to resume the possession at any time before the sale was consummated in the former.

The general requisites to maintain this action are, that the plaintiff has an absolute or special property in the subject matter, and actual possession, or a right to the immediate possession thereof, at the time of the conversion ; that the subject matter be a personal chattel, and that the defendant has wrongfully converted it to his own use. (*Leigh's N. P.* 1467.) The plaintiff clearly had not the absolute property in the hops, for he had neither paid for them nor received the delivery of them ; and he had not the special property, for he never was in possession in person or by his agents, nor entitled to the immediate possession.

The cases of *McCarty* v. *Vickery,* (12 *John.* 348,) and *Chapman* v. *Lathrop,* (6 *Cowen,* 110,) relied on by the plaintiff, are inapplicable. In the former there had been an actual delivery of the articles, and an acceptance of the note of the vendee. This was rightly held an answer to an action of *trespass* by the vendor against the vendee. The plaintiff was thus divested of the possession, which is essential to maintaining trespass. In the latter, the vendor in a cash sale, by delivering without

exacting payment in hand, was deemed to have waived immediate payment, and it was held that the title passed to the vendee. But the general doctrine, that on a cash sale, delivery and payment are simultaneous acts when there is nothing in the contract to the contrary, was decided by the court. The same remarks are applicable to *Lupin* v. *Marie,* (6 *Wend.* 77;) *The People* v. *Haynes,* (14 *Wend.* 546 ;) and *Hannequin* v. *Sands,* (25 *Id.* 640.) An actual delivery was shown, under circumstances proving a waiver of immediate payment.

The referee decided the questions of fact correctly ; and we think he was also right as to the law of the case.

The motion to set aside the report must be denied.

———

Same Term. *Before the same Justices.*