Day, J.
There is no question but that the elevator company, before it delivered the corn to Hamilton & Goldsmith, had notice of the rights of all the parties; nor is there any doubt but that, as between Smith & Co. and the bank, the latter was entitled to the corn. The only question, then, is, as to the right of Hamilton & Goldsmith to the grain, for the elevator company defends upon their title. They claim by purchase of Smith & Co. Upon the supposition that Smith & Co. were the sole owners of the grain, did Hamilton & Goldsmith acquire title thereto ? If not, they have no ground upon which to question the correctness of the decision in favor of the bank.
When the grain was offered for sale by Smith & Co. at a specified price, and the proposition was accepted by Hamilton & Goldsmith, if the sellers understood it to be a salo for cash, and the buyers understood it to be in payment of a debt, the minds of the parties did not meet, and there was no agreement or contract of sale.
But there was no such misunderstanding. The sellers offered the grain for cash, and were so understood by the buyers. But the latter accepted the proposition, and took the warehouse receipts with the intention of not paying cash. They did not undeceive the sellers until the receipts were delivered and the cash demanded. The possession of the receipts was obtained fraudulently, and, had the title to the grain thereby passed, authorities are not wanting to sustain the sellers, on discovery of the deception, in avoiding the sale and reclaiming the grain. Story on Sales, sec. 176, and authorities there cited.
But the title did not pass. Under the circumstances disclosed in the evidence, there can be no doubt but that the transaction was understood by the parties as a cash sale. At all events, the proposition was made by one party and accepted by the other, and no time of payment was mentioned. When this is the case, the sale is presumed to be
*320 for cash. The obligation of the seller to deliver the goods, and of the buyer to pay, “are concurrent conditions in the nature of mutual conditions precedent.” Benjamin on Sales, 438. Delivery and payment are to be simultaneous acts. A delivery with the expectation of receiving immediate payment is not absolute, but conditional until payment is made, and, where there is no waiver of payment, no title vests in the purchaser till the price is paid. Adams v. O’Connor, 100 Mass. 515; Whitwell v. Vincent, 4 Pick. 449; Leven v. Smith, 1 Denio, 571; Conway v. Bush, 4 Barb. 564; Merrill v. Stanwood, 52 Maine, 65; Keeler v. Field, 1 Paige, 312; Russell v. Minor, 22 Wend. 659; Hanson v. Meyer, 6 East, 614; Hays v. Currie, 3 Sandf. Ch. 585; Conger v. Railroad Company, 17 Wis. 477; Powell v. Bradlee, 9 Gill & Johns. 220; Haggerty v. Palmer, 6 Johns. Ch. 437; Acker v. Campbell, 23 Wend. 372; Coggill v. Railroad Company, 3 Gray, 545.
In this case there was no waiver, as between Smith & Co. and Hamilton & Goldsmith, of the mutual concurrent conditions of the contract between them. Hamilton & Co., being'in default of performance on their part, can not therefore claim any title under the contract. We think the courts below were warranted by the evidence in so holding, and that there is, therefore, no error in the judgments rendered in the case.

Motion overruled.