ALSON KNIGHT *vs.* ALEXANDER MANN.

Suffolk.    March 23. — June 28, 1875.    AMES & DEVENS, JJ., absent.

The defendant went to the plaintiff's store to purchase skins, went into the loft where many skins were lying in bales, examined thirty or forty skins, and entered into a verbal agreement for six hundred and thirty-nine skins at a price named per pound, which he directed the plaintiff to count out, weigh and set apart for him, but did not himself afterwards see. The sale was on time, the defendant was to send for the skins and take them away. The plaintiff in the defendant's absence counted out, weighed and set apart the required number of skins, corresponding in quality and value to those seen by the defendant; and according to a usage of the trade selected one in twenty as "trials," the weight of which before and after exposure to the air determined the percentage of shrinkage to be deducted from the gross weight, and thus fixed the number of pounds to be paid for by the defendant. The defendant afterwards called at the plaintiff's store and asked if the skins he had bought were ready, to which the plaintiff replied, "Yes, all except weighing the trials," and the defendant said he would send for them immediately. The plaintiff weighed the trials and placed all the skins in the doorway of his store ready to be taken away by the defendant, who returned later in the day for a bill of the skins, which was given him, and was told that the skins were all ready for him. The plaintiff did all that was required of him by the contract. The skins were not sent for, and were destroyed the following night by fire. *Held,* that there was not an acceptance and receipt, within the statute of frauds; and that the judge who tried the case without a jury was not warranted in finding that the plaintiff held the skins in store for the defendant as bailee.

ENDICOTT, J.    This was a contract for the sale of goods for a price exceeding fifty dollars; no money was given in part payment or to bind the bargain, and no memorandum in writing was made and signed by the defendant. Gen. Sts. *c.* 105, § 5. And the only question presented is whether, on the facts reported, there was any evidence on which the presiding judge could find

that the defendant received and accepted the goods, and is liable in this action or for goods sold and delivered.

It appears that the plaintiff had a large number of rough calf skins for sale which were in bales at his store. The defendant went to the store November 6, 1872, and after examining some thirty or forty skins, entered into an oral agreement with the plaintiff to purchase six hundred and thirty-nine skins at so much per pound. The sale was on time, and the defendant was to send for and take the skins from the store. He directed them to be counted out from the skins, then lying in bales, weighed and set apart for him. The plaintiff did this at once. According to the usage of the trade in the sale of these goods, one in twenty of the skins is selected as " trials," so called, and spread upon the floor, and in that way exposed to the air for some time. These " trials " are weighed, both before and after they are so exposed, and any shrinkage in weight is noted. The percentage of shrinkage, so ascertained in the " trials," is deducted from the gross weight of all the skins sold, to determine the number of pounds to be paid for.

On the morning of November 9, the defendant called and asked if the skins were ready, and the plaintiff replied, " Yes, all but weighing the trials." The defendant said he would send for them immediately. The trials were then weighed, the net weight of the six hundred and thirty-nine skins ascertained, and they were placed in a doorway of the store for the defendant to remove. The defendant returned on the same day at noon, asked for the bill, which was given him, and was told that the skins were ready for delivery and were lying in the doorway. He then left, but did not send for the skins, and on that night they were destroyed in the great fire. There is no evidence that he then said he would send for them, or in words accepted them, or did any act in relation to the goods after he took the bill and received the notice that they were ready for delivery. It is admitted that he never saw the skins, after he bargained for them, when they were lying in bales with others of a like description. It is also agreed that the plaintiff had done all that he was required to do by this agreement.

A sale of goods for fifty dollars and upwards, without a memorandum or earnest money, cannot be enforced, except upon re-

ceipt and acceptance by the buyer. Until such receipt and acceptance, no action can be maintained. When these acts are done, the sale may be enforced according to the terms of the oral agreement. The test, therefore, whether there is a binding contract within the terms of the statute is, whether there was a receipt and acceptance in pursuance of the previous agreement. When the seller has done all that is required of him by the oral agreement, it is for the buyer to determine whether he will accept. He may refuse or neglect to do so, he may do this unreasonably, assigning insufficient reasons, or giving no reasons at all; the question is not why he did not, or whether he ought to accept, but whether he did accept. Benjamin on Sales, (Am. ed.) § 139. And whether he has accepted is to be determined in every case by his acts. All the cases agree that the receipt and acceptance of goods to satisfy the terms of the statute must be proved by clear and unequivocal acts on the part of the buyer. *Davis* v. *Eastman*, 1 Allen, 422. *Denny* v. *Williams*, 5 Allen, 1. *Johnson* v. *Cuttle*, 105 Mass. 447. Mere delivery is not sufficient; there must be actual acceptance by the buyer by dealing with the goods as owner. *Phillips* v. *Bistolli*, 2 B. & C. 511.

In this case, the contract was not for the purchase of a specific ascertained chattel which the buyer inspected and examined at the time of the agreement; but for the purchase of skins to be selected by the seller from a larger number of similar skins lying in bales, and to be set aside and sent for by the buyer. In such case there can be no acceptance before the goods are delivered and the buyer has an opportunity to examine. *Cusack* v. *Robinson*, 1 B. & S. 299. *Bog Lead Mining Co.* v. *Montague*, 10 C. B. (N. S.) 481. To hold the defendant liable, such an acceptance must therefore be found to have been made by him after the delivery of the skins by the plaintiff. Till that time the defendant was not called upon to exercise his option, and that time did not arrive till after the weighing of the " trials," the delivery of the bill, and the placing of the goods in the doorway, of which he had notice. Before that, the defendant had no opportunity of rejecting the goods, as they had not been delivered. *Coombs* v. *Bristol & Exeter Railway*, 3 H. & N. 510. Everything, therefore, that happened previously, related to the oral agreement for a sale, which could only be completed when the goods were ready for

delivery. In *Dole* v. *Stimpson*, 21 Pick. 384, the defendant, when he accepted the plaintiff's offer, stated that he considered the property to be his, and would send for it when ready, and pay for it. When ready, he did not send for it, and it was held there was no acceptance.

In examining the evidence reported, we find no clear and unequivocal acts on the part of the defendant indicating an acceptance after the plaintiff had performed what his oral agreement called for. The clear and unequivocal acts, showing an acceptance, or from which an acceptance may be inferred, must relate to some dealing with the property itself by the buyer or his authorized agent after the delivery of the whole or part of it. *Snow* v. *Warner*, 10 Met. 132. *Marsh* v. *Hyde*, 3 Gray, 331. *Ullman* v. *Barnard*, 7 Gray, 554. *Ross* v. *Welch*, 11 Gray, 235. *Morton* v. *Tibbett*, 15 Q. B. 428. *Chaplin* v. *Rogers*, 1 East, 192. *Blenkinsop* v. *Clayton*, 7 Taunt. 597. *Currie* v. *Anderson*, 2 E. & E. 592. There is no evidence that the defendant did anything in relation to the property after the delivery.

Nor does it appear that the defendant made the plaintiff his bailee. If he did, it would be evidence that he had accepted the goods, or had waived his right to reject. To establish this fact, there must be some evidence of a change in the relations of the parties to each other ; as in *Weld* v. *Came*, 98 Mass. 152. The presiding judge therefore erred in ruling that upon the facts there was an acceptance, as well as a delivery, and that the plaintiff held the goods for the defendant as bailee.

*Exceptions sustained.*

*C. Robinson, Jr.*, for the defendant.
*H. L. Hazelton*, for the plaintiff.