## SMALL v. STEVENS.

Acceptance of a quantity of wood, under a contract of sale, may be lawfully found by a referee from evidence that the buyer saw a portion of it as it was delivered from day to day at the place designated in the contract, examined it there, and made no objection.

ASSUMPSIT, to recover the price of a quantity of wood. Facts found by a referee. In the fall of 1886, the defendant, who owned and was operating a paper-mill at Lancaster, made a verbal contract with the plaintiff for 300 cords of wood, or as near that amount as he could deliver, at $1.75 per cord.

The defendant showed the plaintiff the places, in the shed at the mill and outside the shed in the field, where he wished to have the wood piled. The plaintiff drew $265\frac{5}{16}$ cords, and piled it at the places indicated. The defendant was at the mill about every day from the time the plaintiff commenced drawing until the first of January, 1887, saw the wood as it was delivered, and made no objection to its quality. He was at the mill again, for a day or two, in February, after the plaintiff had drawn about one half the whole quantity. He then examined the wood and made no objection to it. The plaintiff continued drawing and piling the wood at the places designated until the whole amount for which this suit is brought was delivered, the job being finished in March, 1887. When the contract was made, it was agreed that the wood should be surveyed by some sworn surveyor. August 4, 1887, the plaintiff procured R. W. Bailey, a sworn surveyor, to survey the wood. The defendant was not present, and knew nothing about this survey until some time afterwards. The wood drawn by the plaintiff after the defendant was at the mill in February was of the same character and equally as good as that drawn by him prior to that time, and as called for by the contract.

The referee found that there was an acceptance by the defendant of the whole of the wood delivered as above, sufficient to answer the statute of frauds, and reported that the plaintiff recover the price agreed. The court ordered judgment for the plaintiff on the report, and the defendant excepted.

*Drew & Jordan*, for the plaintiff.

*O. Ray*, for the defendant.

CLARK, J. The question presented is, whether upon the facts reported there was any evidence on which the referee could find a receipt and acceptance of the wood by the defendant sufficient to satisfy the requirements of the statute of frauds. Delivery and acceptance are questions of fact. *Kelsea* v. *Haines*, 41 N. H. 246. " The test whether there is a binding contract within the terms of the statute is, whether there was a receipt and acceptance in pursuance of the previous agreement. When the seller has done all that is required of him by the oral agreement, it is for the buyer to determine whether he will accept. The question is not whether he ought to accept, but whether he did accept; and whether he has accepted is to be determined in every case by his acts." *Knight* v. *Mann*, 118 Mass. 143, 145; Benj. Sa., *s.* 139. Accept-

ance and actual receipt by the buyer of goods verbally bargained for must be shown, to take a case out of the statute of frauds, and no act of the seller alone is sufficient. *Shepherd* v. *Pressey*, 32 N. H. 49. "And there is no acceptance unless the purchaser has exercised his option to receive the goods or not, or done something that has deprived him of his option." *Gilman* v. *Hill*, 36 N. H. 311, 321. An acceptance of part of the property sold is sufficient. *Pinkham* v. *Mattox*, 53 N. H. 600, 606. The contract for the sale of the wood was an entire contract, and a delivery and acceptance of a part was sufficient to take the case out of the statute. *Gault* v. *Brown*, 48 N. H. 183.

The plaintiff delivered the wood at the defendant's mill, piling it at the places designated by the defendant. The defendant was at the mill and saw the wood drawn from day to day until the first of January, 1887, when he closed the mill and went to his home in Massachusetts. Some time in February he returned to Lancaster, and went to the mill and examined the wood that had then been drawn by the plaintiff, and made no objection to it. At that time about one half of the whole amount delivered had been drawn. The evidence of these facts was competent and sufficient to authorize a finding that the defendant accepted the wood then examined. The act of the defendant, in making an examination of the wood and making no objection to the character or quality of it, was evidence of his assent that the wood was accepted by him as so far satisfying the contract. His purpose in making the examination must have been to ascertain whether the wood delivered conformed to the contract; and his conduct signified an intention to accept it under the contract, and the plaintiff so understood it. It was an exercise of the defendant's option of rejecting the wood if for any reason it was unsatisfactory. It was an act independent of the original contract, showing a determination to accept and receive the wood already delivered. The fact that no survey had been made did not prevent an acceptance. No survey was required to determine what was sold. Weighing or measuring is not absolutely essential to a completed sale, except when necessary to define the subject-matter. *Gilman* v. *Hill*, 36 N. H. 311, 320.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.