## SIMON G. HARRINGTON *versus* HORACE STRATTON

In an action by the payee against the maker of a promissory note given for the price of a chattel, it is competent for the maker to prove, in *reduction* of damages, that the sale was effected by means of false representations of the value of the chattel, on the part of the payee, although the chattel has not been returned or tendered to him.

ASSUMPSIT on a promissory note, for the sum of $ 37, dated November 21, 1835, given by the defendant to the plaintiff, and payable on demand with interest.

The trial was in the Court of Common Pleas, before *Williams* J.

The defendant contended, that the note was obtained by fraud, and, in support of this ground of defence, he offered evidence tending to show, that the note was given in consideration of an exchange of horses between the parties ; and that, at the time of making the bargain, the plaintiff represented the horse which he gave in exchange to the defendant, to be sound; but that this horse proved to be incurably foundered and of little or no value. There was no evidence, that the defendant ever returned the horse which was received in exchange by him, or that he tendered or offered to return him to the plaintiff, or that he gave notice to the plaintiff, in any way, that he wished to rescind the contract.

The evidence offered by the defendant was submitted to the jury.

The jury were instructed, (among other things,) that if the horse received in exchange by the defendant was of any value, the defendant was bound, in order to avail himself of this de-

fence, to return or tender the horse to the plaintiff, within a reasonable time, or to notify to the plaintiff his intention to rescind the contract ; but that if the jury were satisfied, that the horse was of no value, such return or tender was unnecessary.

The jury returned a verdict for the plaintiff ; and the defendant excepted to the instructions of the court.

*Brooks*, for the defendant, cited *Fisher* v. *Samuda*, 1 Campb. 190 ; *Lewis* v. *Cosgrave*, 2 Taunt. 2 ; *Jones* v. *Scriven*, 8 Johns. R. 353 ; *Beecker* v. *Vrooman*, 13 Johns. R. 302 ; *Grant* v. *Button*, 14 Johns. R. 377 ; *Kimball* v. *Cunningham*, 4 Mass. R. 505 ; *Bliss* v. *Negus*, 8 Mass. R. 46 ; *Sanger* v. *Cleveland*, 10 Mass. R. 415 ; *Stearns* v. *Barrett*, 1 Pick. 443 ; *Duncan* v. *Bell*, 2 Nott & M'Cord, 153 ; *Boyd* v. *Logan*, Cooke, 394 ; *Sample* v. *Looney*, 1 Overton, 85.

*Washburn*, for the plaintiff, cited *Conner* v. *Henderson*, 15 Mass. R. 319 ; Chitty on Contr. 188, 276 ; *Hunt* v. *Silk*, 5 East, 449 ; *Rice* v. *Goddard*, 14 Pick. 293 ; *Parish* v. *Stone*, 14 Pick. 198 ; *Tye* v. *Gwynne*, 2 Campb. 346 ; *Morgan* v. *Richardson*, 1 Campb. 40 ; *Kimball* v. *Cunningham*, 4 Mass. R. 504 ; *Lewis* v. *Cosgrave*, 2 Taunt. 2 ; Bayley on Bills, (Phil. & Sewall's 1st ed.) 342, 344, 345, 346, 347, notes ; *Solomon* v. *Turner*, 1 Stark. R. 51.

DEWEY J. delivered the opinion of the Court. The only part of the instructions excepted to, that can be considered at all questionable, is that, in which it was ruled, that if the horse received by the defendant was of any value, the defendant, if he would avail himself of the defence arising from the alleged false representation, in reduction of damages, was bound to return or tender the horse to the plaintiff within a reasonable time, or to notify the plaintiff of his intention to rescind the contract. This point is not free from difficulty, and the decisions are somewhat conflicting. It was formerly held, that if services were unfaithfully performed, or the article sold was not such as had been represented, the proper remedy was by a cross action for the unskilfulness or fraud.

But this doctrine, to some extent, has unquestionably been overruled, and the inquiry arises, to what extent such evidence

*Margin:* Harrington *v.* Stratton.

*Oct. 2d. 1838*

*Oct. 22d, 1839.*

as was offered at the trial, has been deemed admissible under the more recent decisions.

In *Basten v. Butter*, 7 East, 479, and cases there cited, it seems to be held, that where the plaintiff declares in indebitatus assumpsit, for work and labor done or articles sold and delivered, it is competent for the defendant to prove that the work is not worth the price demanded, by reason of unskilful ness in the execution, or unsoundness, or inferiority in the quality of the article, and this, as well where the action is upon a contract for an agreed price, as upon an implied assumpsit to pay what the same was reasonably worth, the only distinction, if any, being, that in the former case, previous notice of such defence might properly be required. In *King* v. *Boston*, cited in the same case, it is said, that Lord *Kenyon* ruled, that in a case where the plaintiff sold to the defendant a horse warranted sound, for twelve guineas, when in fact the horse was not sound, that the plaintiff could only recover the actual value of the horse.

In *Beecker* v. *Vrooman*, 13 Johns. R. 302, it was held, that in an action for the price of a chattel, the defendant might prove a deceit in the sale in full defence, if the chattel was of no value, and in abatement of damages, if of some value. In this case there was notice of the special matter proposed to be offered in defence. The rule adopted here, it was remarked by the court, was well calculated to do final and complete justice between the parties, most expeditiously and with the least expense.

In *Miller* v. *Smith*, 1 Mason, 437, where goods had been sold as of a certain quality, but proved to be of an inferior quality, it was held that, in an action for the price of the goods, the defendant might give this fact in evidence to reduce the damages. The same principle is stated in *Lomi* v. *Tucker*, 4 Carr. & Payne, 15.

In *M'Allister* v. *Reab*, 4 Wendell, 483, the court ruled, that in an action of assumpsit to recover the price of an article sold at a stipulated sum, the defendant may give in evidence the true value of the article sold in reduction of the amount claimed, as well in cases of a breach of warranty as in cases of fraud, such evidence being admitted to avoid circuity

of action and to prevent further litigation on the same matter. It seemed to be conceded in this case, that where there were fraudulent representations, the party might unquestionably give it in evidence, to reduce the damages, and the only doubt was, whether it should be admitted in the case of a mere breach of warranty. The same case came before the Court for the Correction of Errors, 8 Wendell, 109, and the judgment of the Supreme Court was affirmed. Chancellor *Walworth*, in giving his opinion as a member of the Court for the Correction of Errors, says there is a class of cases, where claims not coming within the statute of set-off, may nevertheless be given in evidence for the purpose of reducing the damages which the plaintiff might otherwise recover. He says, that it appears to be well settled in England, that in a suit on the original contract of sale, either upon a warranty as to the goodness of the article sold, or upon a fraudulent misrepresentation of its value, the defendant may, under the general issue, accompanied with notice of such defence, prove the fraud or breach of warranty in mitigation of damages, and cites 1 Campb. 38, 4 Moore & Ryl. 208, and 9 Barn. & Cressw. 259, as sustaining these views. The same doctrine as to the right to give in evidence a breach of warranty in reduction of damages, is stated in 2 Stark. Evid. 645, and also in *Street* v. *Blay*, 2 Barn. & Adolph. 456.

These cases show very clearly the extent to which evidence of the character of that offered in the present case, has been deemed admissible in actions upon contracts for the purchase of articles at an agreed price.

But the further question arises, as to the introduction of this species of evidence in reduction of damages in a suit brought upon a promissory note given in payment of property sold or exchanged.

That a total failure of the consideration of a promissory note may be given in evidence in defence of a suit upon such note, seems to be well settled. *Knapp* v. *Lee*, 3 Pick. 457 ; *Dickenson* v. *Hall*, 14 Pick. 217. In the case of *Sill* v. *Rood*, 15 Johns R. 230, it was held, that where a note is given for the price of a chattel, the defendant may, where the defence go

to the whole cause of action, show deceit in the sale and thu, avoid the note.

But upon the point of reducing the damages by a partial failure of the consideration of the note, upon evidence of the bad quality of the article sold, and for which the note was given, either on a warranty, or false representation and deceit, the adjudicated cases conflict. In *Morgan* v. *Richardson*, as reported in 1 Campb. 40, note, Lord *Ellenborough* held, that in an action on a bill of exchange for goods purchased, the defendant cannot give in evidence, in reduction of damages, the bad quality of the articles sold, it being no defence that there was a partial failure of consideration, the remedy in such a case being by a cross action. The same doctrine had been previously held by the same judge in the case of *Hening* v. *Simpson*, cited in the note to the last mentioned case, and was again affirmed in *Tye* v. *Gwynne*, 2 Campb. 346, in which Lord *Ellenborough* adverts to the distinction between a suit upon the original contract and one upon the security taken in payment, holding the former divisible as to the damages, but the latter not to be. So in *Thornton* v. *Wynn*, 12 Wheaton, 183, it was held by the court, that if the sale be absolute and there be no subsequent agreement to take back the article, the contract remains open, and the vendee is put to his action of warranty, unless it be proved that the vendor knew of the unsoundness of the article, and the vendee tendered a return of it within a reasonable time. In the very recent case of *Pulsifer* v. *Hotchkins*, 12 Connect. R. 234, which was an action on a promissory note, the consideration of which was in part a sale of a patent right, the court ruled, that if the sale had been effected by false representations, and the patent right was of no value to the promisor, the defence was available to the amount included for the patent, but that if the right was of some value to the promisor, and the contract had never been rescinded, and no offer made to relinquish the patent right, the partial failure in the consideration of the note being of an uncertain and unliquidated amount, the plaintiff was entitled to recover the entire amount of the note. The case of *Day* v. *Nix*, 9 J. B. Moore, 159, is to the same effect, in case of a partial failure of consideration of a promissory note, and where the sum

to be deducted is not of definite computation ; but it was fur-  ther said, that if the plaintiff had obtained the note by fraud or misrepresentation, or if the consideration had wholly failed, the jury should find a verdict for the defendant.

Harrington
v.
Stratton.

On the other hand, this distinction as to promissory notes, nas been entirely repudiated by other judicial tribunals. In the case of *Spalding* v. *Vandercook*, 2 Wendell, 431, it was held, that the partial failure of the consideration of a promissory note might be given in evidence to reduce the damages, where a part of the articles for which the note was given, were man- ufactured in an unskilful manner, and not in compliance with the terms of the contract. In *Barton* v. *Stewart*, 3 Wendell, 236, while it was said, that fraud in the sale cannot be set up in bar of a recovery of a note given on such sale, unless the vendee returns the article purchased, or shows it to be entirely destitute of value, yet it was held, that upon proper notice it might be given in evidence in mitigation of the damages, and this, as well where the action was brought upon the security, as on the original contract, the court disregarding any distinc- tion between the two cases. In the case of *M'Allister* v. *Reab*, before cited, Chancellor *Walworth* says the court of New York have not adopted the English rule taking a distinc- tion between suits upon the original contract and upon a note of hand given for the purchase money, as to the defence of a partial or total failure of consideration. It was in the same case also fully conceded by the only member of the Court of Errors who delivered a dissenting opinion upon the general question arising there, that if a warranty or representation had been made *malâ fide*, the defence was admissible, the *mala fides* destroying the contract, and leaving the party only the right to recover on the *quantum valebat*. In the case of *De Sewhanberg* v. *Buchanan*, 5 Carr. & Payne, 343, which was an action on a bill of exchange given for the purchase of a picture, *Tindal* C. J. ruled, that if the jury found a warranty as to the picture, and the warranty was broken, they should find their verdict for what they considered the actual value of the picture, the defendant having retained it.

It is apparent, that the cases last cited would fully authorize the jury, in the present case, if they found the sale was effect-

ed by means of a fraudulent representation, to reduce the damages, by deducting from the amount of the note the difference between the real value and the falsely pretended value of the horse given in exchange by the plaintiff.

It only remains to be settled which of these conflicting opinions is the better sustained. It is difficult to perceive why the great principle upon which the necessity of a cross action was originally urged, in such case, that the defence was founded upon an independent cause of action, is not substantially disregarded as much in the rule admitting evidence of a breach of warranty or fraudulent representation, in reduction of damages, in the case of an action of assumpsit on a contract to pay for an article at an agreed price, as in a suit upon a promissory note given for the same article. The doctrine, that when a contract is to be rescinded, it must be so *in toto* and the parties put in *statu quo*, is also as much overlooked in the one case as the other. Also the objection of surprise upon the party, in case he sues upon his contract or his note, and is unexpectedly met by a claim for reduction of damages by reason of alleged unskilfulness in his work, or unsoundness or other defect in the article sold, or proof of fraudulent representations, does not seem to present any greater obstacles to the admission of such evidence in an action on a note, than in an action on the original contract for a specific price for an article sold. So as to the objection, that this is in truth introducing a set-off and is liable to the double objection of being a set-off, on an independent claim for unliquidated damages, and also a claim not filed in set-off in pursuance of the provisions of the statute, the same objections arise in an action on a contract to purchase or exchange property at an agreed price ; but these considerations have been disregarded in such cases.

But the distinction holding the original contract divisible and the security given for it not divisible, is in truth the whole point of discrepancy between the different opinions now held on the general question we are considering. All agree, that a promissory note has no such solemnity of character, that its consideration cannot be impeached, inasmuch as it is fully conceded, that if the article sold is of no value, this may be shown in defence in a suit on a note given for the article, and, if proved,

will defeat a recovery on it.  And it is also well settled in this Harrington
Court, that where there is a partial want of consideration, as Stratton.
in the case of a note given on two distinct considerations, and
one of them invalid, it is no objection to the reduction of the
damages, that the amount to be deducted was unliquidated ;
and that in such cases the jury might properly settle the amount
of the real consideration.  *Parish* v. *Stone*, 14 Pick. 198.

The strong argument for the admission of such evidence in
reduction of damages in cases like the present, is, that it will
avoid circuity of action.  It is always desirable to prevent a
cross action where full and complete justice can be done to the
parties in a single suit, and it is upon this ground, that the
courts have of late been disposed to extend to the greatest
length, compatible with the legal rights of the parties, the prin-
ciple allowing evidence in defence or in reduction of damages,
to be introduced, rather than to compel the defendant to resort
to his cross action.  As it seems to us, the same purpose wil
be further advanced, and with no additional evils, by adopting
a rule on this subject equally broad in its application to cases
of actions on promissory notes, between the original parties to
the same, as to actions on the original contract of sale, and
holding that, in either case, evidence of false representations as
to the quality or character of the article sold, may be given
in evidence to reduce the damages, although the article has
not been returned to the vendor.  Under the rules of this
Court, the plaintiff may require notice of the defence relied
upon to be given seasonably, to prevent surprise, and thus
obviate all objections arising from that source.

*Exceptions sustained.*