WILLIAM P. TURNER *vs.* JOHN H. LANGDON.

The defendant purchased at auction a chattel of the plaintiff, who kept it ready for delivery in a place convenient for and known to the defendant, but the defendant neglected to comply with the terms of the sale. *Held*, that by Gen. Sts. *c.* 129, § 2, *cl.* 7, the plaintiff could recover the price upon an account annexed as for goods bargained and sold.

CONTRACT on this account annexed :

" John H. Langdon, Dr.   March 20, 1869.   To one double runner sleigh, $36.00."   The writ was dated November 28, 1870.

At the trial in the Superior Court, before *Dewey*, J., there was evidence that the plaintiff, March 20, 1869, held an auction sale, that the terms of sale there announced were that articles purchased should be paid for in cash or approved notes payable in sixty days; that the defendant bid off a sleigh for $36 ; that a few days after the sale, an agent of the defendant asked the plaintiff for the sleigh, and was told that he could not have it until he paid the money or gave a note according to the terms of sale ; that the plaintiff, soon after the auction, changed his residence to

a place about two miles nearer the defendant's residence than the place of sale, and removed the sleigh there ; that the defendant knew of the removal of the sleigh ; that it had since remained there, and had never been taken by the defendant ; and that the plaintiff had always been ready to deliver it to him upon his complying with the terms of sale.

The defendant asked the court to instruct the jury that the action could not be maintained under this declaration, and that it could not be maintained at all without showing that the plaintiff had offered the sleigh to the defendant ; but the court refused so to rule, and instructed the jury as follows : " If you are satisfied that the defendant, at auction, purchased the sleigh of the plaintiff, and that the plaintiff was and has been at all times ready to deliver it on payment being made according to the terms of sale, and has kept it in a place known to and convenient for the defendant to call and receive it, and that the defendant has never been refused the sleigh, the plaintiff can recover.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*A. J. Fargo*, for the defendant.

*H. C. Joyner*, for the plaintiff.

GRAY, C. J. The practice act allows a count on an account annexed to be used whenever the cause of action would be correctly described by any of the common counts at common law. Gen. Sts. *c.* 129, § 2, *cl.* 7. Goods bargained and sold is one of the common counts. *Stearns* v. *Washburn*, 7 Gray, 187. The time of payment having expired before the bringing of this action, the facts which must have been found by the jury under the instructions of the court would have supported an action for goods bargained and sold. *Hall* v. *Miller*, Quincy, 252. *Brooke* v. *White*, 1 N. R. 330. *Kymer* v. *Suwercropp*, 1 Camp. 109. *Middlesex Co.* v. *Osgood*, 4 Gray, 447. *Morse* v. *Sherman*, 106 Mass. 430.                              *Exceptions overruled.*