SIMEON FOLSOM *vs.* PARDON CORNELL.

Bristol.   October 24, 1889. — November 13, 1889.

Present: DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Rescission of Sale — Conversion — Goods sold and delivered — Amendment by adding Count in Tort — Verdict — Appeal — Filing of Bond.*

In an action for goods sold and delivered, brought by the seller against the buyer, there was evidence that, after a completed sale of lumber delivered in part at the defendant's farm and in part elsewhere, the parties mutually agreed that the plaintiff should take the lumber away, the portion stored at the farm within a reasonable time and the rest at once; that the bill rendered was destroyed; and that thereupon the plaintiff sold the lumber to a third person, and the defendant appropriated a part of it to his own use. A verdict was returned for the plaintiff, subsequent to which he was allowed to amend his declaration by adding a count in tort for the conversion. *Held,* that there was a rescission of the sale and a revesting of title in the plaintiff, and that the verdict, improperly returned upon the count in contract, could not be supported by the amendment.

In an action in a district court judgment was rendered for the plaintiff, and the defendant appealed and secured an extension of time for filing his bond. Subsequently the plaintiff also appealed, and more than twenty-four hours later, but within the defendant's extended time, filed the usual bond, with sureties, which thereupon was approved. The defendant took no further steps, and the plaintiff entered the appeal in the Superior Court, a trial was had before a jury, and a verdict was returned for the plaintiff, after which the defendant for the first time objected that the plaintiff's bond was not seasonably filed. *Held,* that the Superior Court might properly take jurisdiction of the appeal.

CONTRACT, on an account annexed, for the price of lumber sold and delivered by the plaintiff to the defendant, brought in the Third District Court of Bristol.

Trial in the Superior Court, on appeal, before *Bishop,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that he sold to the defendant a lot of furring to be called three inches wide, which was delivered as agreed; that he also sold and delivered to the defendant a quantity of laths at the same time; that when he presented the bill the defendant wanted a discount on the furring, because, as he said, he could not use it; that he, the plaintiff, would not consent to such discount, and it was finally agreed between the parties that the plaintiff was to take the furring away, and the bill rendered was destroyed, and a new bill made for the

laths only, which new bill was then paid by the defendant; that
the furring had been delivered on September 25, 1885, partly
on a lot in New Bedford called the Kilbourne lot, and partly
at the defendant's farm near that city; that it was agreed that
the furring on the Kilbourne lot was to be taken away soon,
but that that at the farm, being under cover, could remain
longer if the plaintiff desired; that the plaintiff thereafter sold
the furring to Tillinghast and Terry, lumber dealers in New
Bedford, to be drawn away by them from the Kilbourne lot and
the farm; that, in the following spring, the plaintiff went to the
defendant's farm to look at the furring, and when he got there
he met a man in the defendant's employment just starting out
with a load of the furring towards the town of Fairhaven; and
that he went to that place and saw some of the furring there,
which had been used as a fence around a sheep-yard belonging
to the defendant.

Evidence was subsequently introduced by the plaintiff, tend-
ing' to show that Tillinghast and Terry bought the whole of
the furring which had been delivered to the defendant, and
drew away from the Kilbourne lot at different times all they
found there; that men in the employ of Tillinghast and Terry,
successively sent by them to the defendant's farm for the fur-
ring delivered there, were told by the defendant that there was
none there; and that of the furring delivered at the defend-
ant's farm a portion was used by him in repairing a building
in New Bedford.

The defendant testified that the furring was to be called two
and a half inches wide; that when the bill was presented he
found that all the furring was called three inches wide, and he
refused to pay the bill until a proper reduction was made on
that account; that the plaintiff insisted on calling it all three
inches, and it was then "mutually agreed that the contract
should be rescinded, and the furring taken away by the plain-
tiff, that on the Kilbourne lot right away, and that on the
farm within a reasonable time"; and that he had not used any
of the furring, which always had been, and still was, subject to
the plaintiff's order.

After the evidence was all in, the defendant asked the judge
to rule that the action could not be maintained on the evidence

under the count in contract, and to direct a verdict for the defendant. The judge asked the counsel for the plaintiff if he desired to amend his pleadings; to which the counsel replied that he did not; whereupon the judge refused to rule that the action could not be maintained, and submitted the case to the jury. The jury returned a verdict for the plaintiff, and the defendant excepted.

After verdict the defendant filed a motion for a new trial, and the plaintiff filed a motion to amend his declaration, by adding to the count in contract a count in tort for the conversion of the furring. The judge allowed the motion to amend, and overruled the motion for a new trial; and the defendant excepted.

Subsequently the defendant filed a motion in the Superior Court that the appeal might be dismissed for want of jurisdiction, " because it appears by the record that no bond for appeal was filed by the plaintiff within the time required by law." The certificate of the proceedings in the District Court, signed by the clerk of that court, contained the following: " Mar. 26, '88, Judg't for Plff. for $31.65. Defendant appeals and has until April 1st, '88, to file bond. Plaintiff appeals. Mar. 31, '88, Plaintiff files bond." The bond to prosecute the appeal filed by the plaintiff was dated March 30, 1888, and was in the usual form, and recited that the plaintiff " as principal, and Shearjashub T. Viall and Irod J. B. Folsom " as sureties, were jointly and severally bound to the defendant in a sum named, and was conditioned upon the plaintiff's entering and prosecuting his appeal, and satisfying any judgment that might be entered against him in the Superior Court. The bond was signed by the plaintiff and the sureties named, and bore the indorsements, " Sureties approved," and " Bond filed Mch. 31, 1888," each over the signature of the clerk of the District Court. The plaintiff duly entered his appeal, and the defendant took no further steps with respect to his appeal. The motion was overruled; and the defendant alleged exceptions.

*W. C. Parker*, for the defendant.

*E. L. Barney*, for the plaintiff.

C. ALLEN, J. The testimony of the plaintiff, if believed, was sufficient to show a completed sale and delivery of the

property to the defendant at the outset, so that the jury might properly find that the plaintiff was entitled to recover upon the original contract of sale, unless there was an effectual rescission. There are several decisions to the effect that upon a rescission the same formalities must be observed in respect to delivery, in order to revest the title in the original vendor, as are necessary upon an original sale in order to vest the title in the vendee. *Miller* v. *Smith*, 1 Mason, 437. *Quincy* v. *Tilton*, 5 Greenl. 277. *State* v. *Intoxicating Liquors*, 61 Maine, 520. See also *Beecher* v. *Mayall*, 16 Gray, 376. Assuming that to be so, we are of opinion that enough was done in the present case to revest the title in the plaintiff. The question arises between the parties themselves. No rights of attaching creditors or subsequent *bona fide* purchasers are involved. Whether the title revested in the original vendor depends on the intention of the parties, and this intention is ordinarily to be determined by a jury, unless it appears that the evidence would justify a finding but one way. *Merchants' National Bank* v. *Bangs*, 102 Mass. 291, 295, 296. So the question upon this part of the case comes to this: Would the evidence warrant a finding by the jury that there was not a completed rescission of the original sale? We are constrained to hold that it would not. The testimony of the plaintiff himself was as follows: "It was finally agreed between the parties that the plaintiff was to take the furring away, and the bill rendered was destroyed, and a new bill made for the laths only, which new bill was then paid by defendant. . . . It was agreed that the furring on the Kilbourne lot was to be taken away soon, but that that at the farm, being under cover, could remain longer if the plaintiff desired; that the plaintiff thereafter sold the furring to Tillinghast and Terry." The report states that evidence was afterwards introduced by the plaintiff tending to show that Tillinghast and Terry bought the whole of the furring which had been delivered to the defendant. The defendant testified that it was "mutually agreed that the contract should be rescinded, and the furring taken away by the plaintiff, that on the Kilbourne lot right away, and that on the farm within a reasonable time." There being nothing to vary the effect of this evidence, it conclusively appears that the parties intended and understood that

the title to the furring should revest at once in the plaintiff, and that the plaintiff acted upon this understanding by proceeding to sell the furring to other purchasers. It simply remained in the possession of the defendant for the time being, on storage as it were. It has often been held, both in this State and elsewhere, that under such circumstances, and as between the parties themselves, no actual or other delivery is necessary, upon a sale, to vest the title in the purchaser. *Frazier* v. *Simmons*, 139 Mass. 531, and cases there cited. *Philbrook* v. *Eaton*, 134 Mass. 398. *Sherwin* v. *Mudge*, 127 Mass. 547. *Townsend* v. *Hargraves*, 118 Mass. 325, 332. *Turner* v. *Langdon*, 112 Mass. 265. *Weld* v. *Came*, 98 Mass. 152. *Meyerstein* v. *Barber*, L. R. 2 C. P. 38, 51. *Castle* v. *Sworder*, 6 H. & N. 828. Upon the undisputed facts, therefore, there appears to be no escape from the conclusion that the title to the furring revested in the plaintiff, and, if the defendant afterwards appropriated any part thereof to his own use, it was not under his purchase, but it was a conversion. There is no suggestion that any contract was made between the plaintiff and the defendant in relation to it after the rescission, and the circumstances stated negative any inference of an assent on the part of the plaintiff to the defendant's appropriating it to his own use, since he had sold it to other purchasers and no longer had a right to assent to such appropriation, and therefore an action of contract could not be maintained unless the furring was afterwards sold by the defendant, in which case the plaintiff might have an action of money had and received for the proceeds. *Ladd* v. *Rogers*, 11 Allen, 209. *Cooper* v. *Cooper*, 147 Mass. 370, 373. In no event could an action for goods sold and delivered be maintained, because the only sale which had ever been made had been rescinded.

When this question arose at the trial, the plaintiff, upon being inquired of by the court, said that he did not desire to amend his pleadings, and the case was submitted to the jury upon the declaration for goods sold and delivered; and the jury found for the plaintiff. The instructions to the jury are not given, and we have no means of knowing what rule of damages was applied. If the verdict rested on the only contract of sale which was ever made by the plaintiff to the defendant, the measure of damages must have been either the price agreed or the reasonable value

of the furring at that time. After the verdict, the plaintiff, by leave of court, filed a count in tort for the conversion, and now contends that this will support the verdict. The difficulty in acceding to this view is, that the quantity of furring which was appropriated by the defendant to his own use, if any, may have been different from that which was the subject of the sale, and the measure of damages would also be different, being the value at the time of the conversion. The case was not tried upon the issue of conversion, and we must assume that the instructions to the jury were not adapted to that issue. While, therefore, the amendment might properly be allowed, its allowance cannot have the effect to save the verdict.

The defendant further contends that the Superior Court had no jurisdiction of the action, because the plaintiff's bond upon the appeal from the judgment of the District Court was not filed in season. The statutes require that such bond shall be filed within twenty-four hours after the judgment, unless further time is given. Pub. Sts. c. 155, § 29; c. 154, § 52. St. 1882, c. 95, § 1. It has been heretofore determined, from reasons of public policy, that the statutory requirement of a bond, instead of a recognizance, must be complied with, and cannot be waived (*Santom* v. *Ballard,* 133 Mass. 464); and that the bond must have a surety (*Henderson* v. *Benson,* 141 Mass. 218); but other defects in the bond have been held not to be fatal, unless seasonably objected to. *Wheeler & Wilson Manuf. Co.* v. *Burlingham,* 137 Mass. 581. In the present case, the bond was in proper form, and had two sureties who were duly approved. It also appears by the certificate, which takes the place of a record of the proceedings before the District Court, that judgment was rendered for the plaintiff for $31.65 on the 26th of March, 1888; that the defendant appealed, and had until April 1, 1888, to file a bond; and that the plaintiff also afterwards appealed, but there is no memorandum that an extension of time for filing his bond was given to him. He however filed his bond on March 31, 1888, and it was approved, apparently on the same day, and this was before the time had expired within which the defendant might file his bond. This being done, the defendant took no further steps, and the plaintiff entered the appeal, and the case in due time proceeded to

trial before the jury, without objection from the defendant; and after the verdict against him, he for the first time raised the objection to the want of a seasonable filing of the plaintiff's bond. Where there is an appeal by both parties, the fact is stated in the record, but both appeals need not be separately entered and prosecuted. *Davidson* v. *Boston & Maine Railroad,* 3 Cush. 91, 101. See also *Shattuck* v. *Woods,* 1 Pick. 171, 176, note, and 3 Pick. 267. Upon the trial of the appeal by either party, the whole case is open and tried anew; and in the present case the defendant had the same benefit of a new trial in the Superior Court that he would have had if he had taken all the requisite steps and entered his own appeal. It seems probable, also, that the District Court may have considered that the extension of time granted to the defendant before the plaintiff claimed an appeal would also enure to the benefit of the plaintiff, since so soon afterwards the plaintiff's bond was approved without apparent question. It also seems probable that the defendant omitted to pursue his own appeal because he found that he would get the same benefit from the plaintiff's appeal as from his own, and it would be no violent strain to infer his assent in the District Court to the plaintiff's filing the bond as he did, for the very reason that thereby further steps by himself became unnecessary. Under these circumstances, the case bears some resemblance to *Granger* v. *Parker,* 142 Mass. 186, where we held that a party who had had the benefit of an appeal taken by himself could not, after judgment rendered, be heard to object that there was a want of jurisdiction by reason of his own failure to comply with the formal requirements of the statute, and that the sureties upon his bond were also precluded. In the present case, the plaintiff and his sureties would be bound upon their bond, and the Superior Court might properly determine to take jurisdiction of the appeal under the circumstances stated. We cannot say that such determination was unwarranted.

*Exceptions sustained.*