CATHERINE E. FARWELL, administratrix, *vs.* JAMES M.
SOLOMON.

Suffolk.    January 20, 1898. — March 2, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Contract — Performance — Action — Exceptions.*

If A. and B. make a contract, by which A. is to print and bind a large quantity of books for B., who is to furnish the contents and covers, and which are to be used in advertising his business, and B. accepts on two occasions portions of the whole number ordered, and then stops the work, A. may maintain an action against B. for the price of the labor on the remaining books, which were in readiness for delivery on the occasion of such last acceptance, without evidence of an actual delivery or tender of them to B.

An exception to the refusal to give a ruling, resting upon an assumption which is not borne out by the bill of exceptions, will not be sustained.

CONTRACT, by the administratrix of the estate of James E. Farwell, upon an account annexed, to recover the price of labor on certain books. Trial in the Superior Court, without a jury, before *Richardson*, J., who allowed a bill of exceptions, in substance as follows.

The books in question were prepared by the defendant for advertising his business as a dentist. They were twelve-page pamphlets, and, with other matter, contained the defendant's portrait, sundry illustrations, and a price list for dental work.

The plaintiff offered evidence tending to show that in July, 1892, the defendant ordered, orally, from her intestate, 225,000 of these books, at a fixed price per thousand, Farwell to furnish the paper inside the covers, to print and to bind them; the defendant to supply for his use the outside covers, except for 25,000 copies, which were to be put into covers furnished

---

by Farwell at an agreed extra price; and that this order from the defendant was duly entered on Farwell's books, by his instruction, at the time of receiving it.

It further appeared in evidence, and was admitted by the defendant, that Farwell did accordingly print, bind, and deliver to the defendant, in July, 1892, 25,600 copies of this book in covers supplied by Farwell; that thereafter the defendant furnished to Farwell 200,000 covers to be used in filling the remainder of the order; that on June 29, 1894, Farwell delivered to the defendant 25,000 additional copies, printed and bound in covers furnished by the defendant; that at the same time he had printed and bound in covers furnished by the defendant, ready for delivery to him, 93,000 more copies of the book; that no other copies were ever completed by him under the order; and that the 93,000 copies have since been and are still ready for such delivery.

The plaintiff further offered evidence tending to show that the defendant had earlier dealings with her intestate, and had given him orders for printing prior to the order of July, 1892; that at that date an open account with the defendant was standing upon Farwell's books, and on June 26, 1894, before the delivery of the second invoice of books above mentioned, the defendant was indebted to him in the sum of $100.40 for printing, exclusive of any printing under the order of July, 1892; that on June 26, 1894, the defendant gave to Farwell, in settlement of such old account, a note for $50.40, and a check for $50; that the check was not paid on presentation, but was protested; that only a partial payment was ever made thereon of $25, leaving $25 still due on the check; and that no part of the amount due for the books delivered in 1892 or 1894 had been paid.

The defendant testified in his own behalf, that, under the oral agreement with Farwell, the books ordered by the defendant were to be printed within a certain time, and Farwell failed to get them done at the time the defendant wanted them; that after the delivery of the second invoice of books, in August, 1894, he settled the whole matter up, stopped Farwell from printing more copies, and compromised the bill, paying Farwell for all work done. and getting a statement from him settling up all their

accounts to date ; that on or before January, 1895, he transferred his dental business to one Jackson ; that the printed books were no longer of use to him, and he lost much money expended for covers; and that the amount which he paid to Farwell at the time of settlement was about $250, in checks and notes.   But upon cross-examination, being called upon to produce these, or any receipts given by Farwell, he was unable to produce any checks, notes, receipts, statements, or vouchers for such.payments, or to exhibit any entry in his own books relating to this alleged transaction.

There was no evidence in the case that the defendant was to take the books in instalments ; nor that the 93,000 books were ever offered or tendered to the defendant, or that the defendant ever refused to accept the same.

Upon all the evidence, the plaintiff contended that the defendant was bound to pay, not only for the books delivered to him, but also for the 93,000 books printed at the defendant's order.

The defendant asked the judge to rule as follows:

" 1.  The plaintiff cannot recover for the price of the 93,000 books, as said books have been, and are still, in the possession of the plaintiff, and there is no evidence that the same were either tendered or delivered to the defendant.

" 2.  The plaintiff cannot recover for the price of the 93,000 books, as said books were not completed within the time specified in the contract."

The judge refused so to rule, and found for the plaintiff in a sum which included the price of making up the 93,000 books; and the defendant alleged exceptions.

*M. L. Sanborn*, for the defendant.

*A. Eastman*, for the plaintiff.

ALLEN, J.  The defendant's bill of exceptions does not state in detail any facts found by the court, but only the evidence and the general finding upon the whole case.   This general finding may have rested upon any view of the facts warranted by the evidence.   It is obvious that the books ordered were of use only to the defendant, and it appeared that on two occasions he accepted portions of the whole number ordered to be printed, and that on the occasion of the last such acceptance, 93,000 copies more were in readiness for delivery ; and the defendant testified

that after this last delivery he stopped the plaintiff's intestate from printing more copies. The only exceptions taken by the defendant are to the refusal to give two rulings which were requested. The first request was properly refused, because under the circumstances disclosed it was not necessary to make an actual delivery or tender of the books to the defendant. *Middlesex Co.* v. *Osgood*, 4 Gray, 447. *Goddard* v. *Binney*, 115 Mass. 450. *Folsom* v. *Cornell*, 150 Mass. 115, 119. The second request was also rightly refused, because it rested on the assumption that a time for the completion of the books was specified in the contract, but this assumption is not borne out by the bill of exceptions.                    *Exceptions overruled.*