(31 Misc. Rep. 255.)

### WOLFF v. ZELLER.

(Supreme Court, Appellate Term. April 16, 1900.)

1. SALE—RESCISSION—ASSIGNMENT FOR CREDITORS.

Where a seller of goods charges the purchaser, before the latter's assignment for benefit of creditors, with fraud in the purchase, in making false representations as to his solvency, and the latter offers to return the goods, and the former accepts the offer, there is a rescission of the sale; and this is not affected by the purchaser's failure to keep his promise as to return cartage.

2. SAME.

There having been a rescission of sale before assignment for the benefit of creditors by the purchaser, the assignee for creditors has no title thereto to the goods, though the purchaser failed to return them as agreed, so that demand on the assignee is not necessary before action for possession.

Appeal from city court of New York, general term.

Action by Louis E. Wolff against Lorenz Zeller, assignee of Joseph Herrmann for benefit of creditors. From an order and judgment of the general term of the city court (58 N. Y. Supp. 608) affirming a judgment of a trial term dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

E. Eschwege, for appellant.

E. Miehling, for respondent.

O'GORMAN, J. This action was brought to recover possession of certain chattels sold by plaintiff's assignor to defendant's assignor in reliance on the latter's false representations as to his solvency. At the close of the plaintiff's case the complaint was dismissed on the ground that no cause of action had been established. In the affirmance in the court below it was said in support of this disposition of the case that there was neither proof of a valid rescission of the sale before the general assignment to the defendant nor a demand upon the assignee before suit. It appears from the record before us that on January 11, 1898, and immediately previous to the sale in question, the defendant's assignor, Joseph Herrmann,

stated to plaintiff's assignor that he never borrowed money, and was worth $30,000, with $1,000 liabilities; that towards the end of May in the same year, and after the sale in question, defendant's assignor stated that his previous statements were false, and indicated the details of their falsity. This evidence, uncontradicted, required the submission of the case to the jury. There was sufficient testimony to establish plaintiff's allegations of fraud. The demand on the defendant was alleged in the second paragraph of the complaint, and admitted by the answer, and therefore required no proof. Even without the admission as to the demand on the defendant, a case was made out, in view of the testimony touching a rescission of the sale between the parties previous to the assignment. According to the evidence of plaintiff's assignor, he charged the defendant's assignor, four days before the general assignment, with the fraud practiced upon him, whereupon defendant's assignor offered to return the goods, which offer was instantly accepted by the plaintiff. This conduct of the parties constituted a rescission. Persons who are competent to make a contract are competent to waive or abandon it; and where both agree to such waiver and abandonment, whether for fraud or other cause, or without any cause whatever, their united assent dissolves the contract, and the rights of each under it are ended. Graves v. White, 87 N. Y. 465. The circumstances, as related by the plaintiff, clearly manifested an intention on the part of both parties at this interview that there should be an absolute abandonment and rescission of the contract. The legal situation thus created by the parties was in no wise impaired by the subsequent failure of the defendant's assignor to keep his promise made with respect to the return cartage of the goods. After an actual rescission, except where the rights of bona fide creditors of the vendee are affected,—which is not the case before us,—the vendee's possession of the chattels becomes that of the vendor. Folsom v. Cornell, 150 Mass. 118, 22 N. E. 705; Benj. Sales (7th Ed.) 731, and cases cited. If a rescission occurred before the general assignment, as testified to by plaintiff, a subsequent demand on the defendant was unnecessary, because the defendant, as assignee, became entitled to the possession of such property only as the assignor had title to at the time of the assignment. Bank v. Hubbell, 117 N. Y. 398, 22 N. E. 1031. There having been a previous rescission, defendant's assignor had absolutely no title at the time of the assignment, and it is clear that the assignee could not acquire rights not possessed by his assignor. Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Bank v. Hubbell, supra. As we have seen, however, a demand was, nevertheless, made upon the defendant, and, in any aspect of the case, it was error to take the case from the jury.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.