JAMES O. SAFFORD & another *vs.* PATRICK F. MCDONOUGH.

Suffolk.   Nov. 15, 1875. — May 6, 1876.   ENDICOTT & LORD, JJ.,
absent.

If a seller of merchandise, in order to maintain his lien for its price, refuses to permit
the purchaser to take possession or control of it, he thereby prevents an acceptance
and receipt of it by the purchaser within the statute of frauds.

Upon an agreement for the sale of merchandise and payment therefor by a satisfac-
tory note, the purchaser examined the merchandise, had it weighed, marked with
his initials, and piled up by itself in the seller's warehouse, to be taken away upon
payment for it or giving a satisfactory note for its price. The purchaser never
complied with these terms, and the seller refused to allow him to take the merchan-
dise away, claiming a lien upon it for its price. After remaining for several months
it was destroyed in the warehouse by fire. *Held*, that there was no such delivery
of the merchandise as to constitute the seller a bailee for the purchaser.

MORTON, J.   This is an action of contract to recover the price
of a quantity of leather, exceeding fifty dollars in value, alleged
to have been sold by the plaintiffs to the defendant   There was
no memorandum in writing of the contract, and the purchaser
did not give anything in earnest to bind the bargain or in part
payment.

It appeared on the trial that the defendant on May 17, 1872,
went to the plaintiffs' store and agreed to purchase the leather
at the price named, to be paid for by a satisfactory note.

On the thirty-first day of the same month, he again went to
the plaintiffs' store, examined the leather, had it weighed, marked
with the initials of his name, and piled up by itself, to be
taken away by him upon giving a satisfactory note for the price,
or the payment of the price in money, but not otherwise. He
never complied with the terms of the agreement. The plaintiffs
refused to allow him to take the leather from their store without
such compliance, claiming a lien upon it for the price due. It
remained in their store till November 9, 1872, when it was burnt
with the store. Upon this evidence the presiding justice of the
Superior Court ruled that the leather had not been so accepted
and received by the defendant as to take the contract out of the
statute of frauds, and the plaintiff excepted to such ruling.

It should be kept in mind that the question is not whether, if
a valid contract of sale upon the terms above named had been
proved, the title in the property would have passed to the de-

fendant so that it would be at his risk. In such a case, the title would pass to the purchaser unless there was some agreement to the contrary, but the vendor would have a lien for the price, and could retain possession until its payment. *Haskins* v. *Warren*, 115 Mass. 514. *Morse* v. *Sherman*, 106 Mass. 430. *Townsend* v. *Hargraves*, 118 Mass. 325. But the question is whether the defendant had accepted and received the goods, so as to take the case out of the statute of frauds, and thus complete and make valid the oral contract relied on. Unless there was such acceptance and receipt, there was no valid contract by virtue of which the title to the goods would pass to the defendant. To constitute this, there must be a delivery by the seller, and some unequivocal acts of ownership or control of the goods on the part of the purchaser. *Knight* v. *Mann*, 118 Mass. 143, and cases cited.

In the case at bar, there was no actual acceptance and receipt of the goods by the defendant. They were never in his possession or control, but remained in the possession and control of the plaintiffs, who refused to allow him to take them, claiming a lien for the price. If they had and asserted a lien as vendors, this is inconsistent with the delivery of possession and control, necessary to constitute an acceptance and receipt by the vendee. In *Baldey* v. *Parker*, 2 B. & C. 37, 44, Holroyd, J., says: " Upon a sale of specific goods for a specific price, by parting with the possession the seller parts with his lien. The statute contemplates such a parting with the possession, and therefore, as long as the seller preserves his control over the goods, so as to retain his lien, he prevents the vendee from accepting and receiving them as his own within the meaning of the statute." Benjamin on Sales, (Am. ed.) 151, and cases cited. Browne on St. of Frauds, § 317.

It is true there may be cases in which the goods remain in the possession of the vendor, and yet may have been accepted and received by the vendee. But in such cases the vendor holds possession of the goods, not by virtue of his lien as vendor, but under some new contract by which the relations of the parties are changed. *Cusack* v. *Robinson*, 1 B. & S. 299, 308. *Castle* v. *Sworder*, 6 H. & N. 828. *Dodsley* v. *Varley*, 12 A. & E. 632.

In the case at bar, the vendors refused to permit the vendee to take possession or control of the goods but claimed and asserted

their lien as vendors for the price. We are therefore of opin‑ion that the ruling of the Superior Court was correct.

*Exceptions overruled.*

*T. H. Sweetser & B. F. Hayes*, for the plaintiffs.
*S. A. B. Abbott*, for the defendant.