CLARK & a. v. LABRECHE.

A constructive receipt and acceptance of goods to meet the requirement of the statute of frauds can only be proved by clear and unequivocal acts on the part of the buyer.

The defendant verbally bargained with the plaintiffs for a lot of crockery to be imported by them at Boston, and forwarded to him at Manchester, and it was further agreed that upon its arrival in Boston it should be stored and kept there by the plaintiffs for him till he ordered it sent forward. After keeping it a reasonable time they forwarded it to him at Manchester with a bill, and he refused to receive and pay for it. *Held*, that there was no acceptance of the goods within the meaning of the statute of frauds.

ASSUMPSIT, for goods sold and delivered. Facts found by the court.

September 18, 1883, the defendant, at Manchester, through the plaintiffs' agent, verbally ordered a lot of crockery. The crockery was to be imported by the plaintiffs at Boston, and on arrival was to be sent to the defendant at Manchester. The plaintiffs ordered the crockery. November 8, the crockery not having arrived in Boston, the defendant wrote to the plaintiffs not to send it until further orders, as he was having some repairs done in his store. November 9 the plaintiffs replied by letter, saying, " We will notify you when goods arrive, and won't ship until you are ready." About a week after this the defendant was at the plaintiffs' place of business in Boston, and requested that if the crockery should arrive before he ordered it sent, it should be kept for him there until he directed it to be forwarded. The crockery arrived November 30, and the defendant was notified, and, as he had not ordered it sent, it was stored in a warehouse by the plaintiffs. About the middle of January, 1884, the plaintiffs' agent called on the defendant and asked him what he was going to do about the crockery. He said that he did not want it then, and that they need not send it. February 16, 1884, the plaintiffs shipped the crockery by cars to Manchester, directed to the defendant, and the same day sent him notice by mail that it was shipped, together with an itemized bill of it amounting to $245.97. The defendant refused to receive the goods, and they have since remained at the railroad warehouse in Manchester. At the time the defendant was in Boston in November he understood the plaintiffs were to store the crockery on its arrival, and keep it for him until he should order it sent forward. The plaintiffs then, and at the time of its arrival, understood the same thing. There was no acceptance and no receipt of the crockery by the defendant within the meaning of the statute of frauds, unless, upon the facts stated, the plaintiffs were his agents, and became his bailees from the time of its arrival and storage in Boston, or, upon the facts, an acceptance is implied.

*Cross & Taggart*, for the plaintiffs.

*Burnham & Brown*, for the defendant.

BLODGETT, J.   The verbal bargain between the parties was an executory contract for the sale of certain goods.   The single question is, whether the goods were accepted and received within the requirement of that clause of our statute of frauds (G. L., c. 220, s. 16) enacting that no oral contract for the sale of goods, wares, or merchandise, for the price of thirty-three dollars or more, is valid unless the buyer accepts and actually receives part of the property. So far as the question is one of fact, it has been found against the plaintiffs, and such must be the finding as matter of law.

Conceding that acceptance and receipt may be constructive only, all the cases agree that such acceptance and receipt must be proved by clear and unequivocal acts on the part of the buyer ; but as acceptance generally implies receipt, and plainly would have that effect in this case, it is necessary to consider the question of acceptance only, which, as against the buyer, is to be determined solely by his acts.

The test here therefore is, whether the acts of the defendant, done or undone, clearly amount in legal effect to a constructive acceptance ; for, the question being one of fact, it is only when the facts are not controverted, and afford plain and unequivocal evidence of the parties' intention, that the court will undertake to determine their legal effect.

What, then, are the facts ?   So far as they bear upon the matter of acceptance, they are,—that both parties understood the plaintiffs were to store the goods on their arrival in Boston until the defendant should order them to be forwarded to his place of business in Manchester ; that the goods were accordingly stored by the plaintiffs in a Boston warehouse ; that they remained there a reasonable time, and then were withdrawn by the plaintiffs and forwarded in their firm name to the defendant, contrary to his order, who refused to receive them ; and that he had a reasonable time in which to exercise his right of examining the goods before they were so forwarded.

Bearing in mind that no act of the seller alone, in however strict conformity to the terms of the contract, will satisfy the statute, and that the mere storage of goods by the seller, or their removal to a place appointed by the buyer, will not imply any acceptance of them by the latter *(Shepherd* v. *Pressey*, 32 N. H. 55, 56, and cases cited), it is obvious that upon the facts to which reference has been had the law does not imply an acceptance, for, so far as appears, the goods were deposited in the warehouse by the plaintiffs, as their property, without any *indicium* whatever of title or ownership in the defendant, and with no agreement affecting their lien, and so continued to remain under the same apparent ownership and control until they were taken away and billed and forwarded by the plaintiffs as owners ; whereas acceptance cannot legally take place, in the absence of a special agreement, so long as the seller preserves his dominion over the goods so as to retain his

lien for the price, for he thereby prevents the purchaser from accepting and receiving them as his own within the meaning of the statute. *Baldey* v. *Parker*, 2 B. & C. 37, 44; Benj. Sales (3d Am. ed.) *s.* 187; Sto. Sales, *s.* 276; Browne St. Fr. (4th ed.) *s.* 317. And, consequently, if there is nothing indicating a surrender of the seller's lien, any acts of control by the buyer will not be an acceptance *(Shepherd* v. *Pressey, supra* 56, and cases cited), for although there may be cases in which the goods remain in the possession of the vendor, and yet may have been received and accepted by the vendee, in such cases the vendor holds possession, not by virtue of his lien as vendor, but under some new contract by which the relations of the parties are changed. *Cusack* v. *Robinson*, 1 B. & S. 299, 308; *Castle* v. *Sworder*, 6 H. & N. 828; *Dodsley* v. *Varley*, 12 Ad. & E. 632; *Safford* v. *McDonough*, 120 Mass. 290, 291. But the acts of the parties must be, in such a case, wholly unequivocal; and if the vendor retain possession of the subject-matter of the sale, it must be under circumstances which expressly show that he holds as agent or bailee of the other party, and has abandoned all claim to the property of every kind. Sto. Sales, *s.* 278.

No such acts or circumstances appear in this case. In fact, there is nothing found on which it can be held as matter of law that the plaintiffs acted as the defendant's agents or bailees in the storage and retention of the goods, or from which an acceptance can be implied against him.

*Judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.