MERCHANTS' EXCHANGE CO. *v.* WEISMAN.

1. Sales of Merchandise—Date of Invoice.
   Where goods were sold with the privilege of exchanging them for other goods " within 15 days from date of invoice," the vendee had 15 days from the day they were shipped in which to exchange the goods.

132 Mich.—23.

2. SAME—INVOICE DEFINED.

> An invoice, in commercial transactions, is a written account of
> the particulars of merchandise shipped or sent to a purchaser,
> with the prices and charges annexed.

Case made from Clare; Dodds, J.    Submitted February 4, 1903.    (Docket No. 206.)    Decided March 5, 1903.

*Assumpsit* by the Merchants' Exchange Company against Louis Weisman for goods sold and delivered. Plaintiff had judgment for less than the amount claimed, and assigns error.    Affirmed.

This case was tried before the court without a jury, and the facts agreed upon.    Defendant gave a written order, dated July 30th, to the plaintiff, for goods, the material part of which is as follows:

"Positively no goods on commission or open account.

"Guaranty and exchange: Should any jewelry sold by us fail to wear satisfactorily, the same will be duplicated free of charge for five years.    Jewelry can be exchanged for any new jewelry in stock any time in twelve months from date of invoice.    Solid gold jewelry at wholesale prices will be given in exchange for filled or plated jewelry at original invoice prices.    Terms: Two, four, six, and eight months if account is closed within fifteen days from date of invoice by notes without interest, payable at Iowa City, Iowa.    Otherwise cash less 6 per cent. in 15 days.

"Please ship goods mentioned on this order blank at your earliest convenience, and oblige."

The goods were shipped August 7th.    A bill for the same—called an invoice—was dated August 2d.    On August 8th plaintiff wrote defendant, informing him that the goods were shipped on the 7th inst., inclosing blank notes, should he desire to settle by giving notes, and informing him that, if he preferred to take advantage of the discount, he could do so.    On August 14th defendant wrote plaintiff as follows:

"In opening up goods I find that I cannot use that class of

jewelry.   However, if you will let me keep same for about three months and see what I can do with them, and if I think that I can use it I will keep same, and if not will have to return it.   I hold same here subject to your order. Kindly let me hear from you as soon as possible, and oblige.

"If you have a catalogue of jewelry, you can send me one, and if I prefer to exchange same for different kinds I can do so; as I cannot use that class of jewelry up here."

To this letter plaintiff replied August 16th, substantially refusing to comply with the defendant's letter of the 14th. To this defendant replied August 19th:

"I have selected from the amount of jewelry $69.60 worth, and return today by American Express $81.20.   If you have a catalogue of jewelry you can send me one, and I will select different kinds to make up the $150 worth. I cannot use the jewelry you sent me, as it is impossible to sell it here.   If you have not any catalogue, I will pay you the $69.60 as soon as I hear from you.   That is the very best I can do.   If this does not suit you, I will return the entire outfit."

To this plaintiff replied that the goods were shipped exactly as ordered, and that there was nothing in the contract to indicate that defendant was to have them on approval, and that plaintiff should insist on the agreement.   Other correspondence followed, but it is immaterial to the issue.   The court rendered a judgment for the plaintiff for $71.34, the amount admitted to be due, but found for the defendant upon the disputed amount.

*Arthur J. Lacy*, for appellant.

*C. W. Perry*, for appellee.

GRANT, J. (*after stating the facts*).   Plaintiff insists that the sale was an absolute one; that payment or settlement by notes within 15 days was a condition precedent to the right to exchange the goods after the expiration of the limit; that this limit expired on August 17th; that defendant did not comply with the condition, and there-

fore cannot maintain his defense, under *Jenness* v. *Shaw*, 35 Mich. 20.

The defendant had 15 days within which to make payment or settle the account by notes. He clearly, also, had the right to exchange at any time before the expiration of the 15 days. Plaintiff now claims that this 15-day limit began to run on the 2d of August, the date upon the face of the invoice. But the goods were not shipped until the 7th. This contract did not give plaintiff the right to ante-date its invoices. An invoice, in commercial transactions, is defined to be "a written account of the particulars of merchandise shipped or sent to a purchaser, consignee, factor, etc., with the value or prices and charges annexed." Cent. Dict. & Enc.; Bouv. Law Dict. If it be conceded that the letter of August 14th was not a valid offer to return any of the goods and to exchange them for others, such valid offer was contained in the letter of the 19th, offering to return some of the goods, and asking for a catalogue from which to select other goods in exchange. This letter was written within the 15-day limit. Defendant was not then in default.

Judgment is affirmed.

The other Justices concurred.