WEBSTER KELSEY AND ALBERT J. KELSEY

*vs.*

W. A. IRVING.

Lincoln.  Opinion November 13, 1919.

*Pleading.   Rule as to proving delivery in actions on an account annexed for specified
goods or merchandise.   Rule of practice permitting the use of the account
annexed as a substitute for the common counts for goods sold and
delivered and goods bargained and sold.   General rule as to
parties to litigation being held to have waived certain
defenses or errors in pleading which were open
to them while case was on trial but not con-
sidered until case in Law Court.*

Action on account annexed for forty cords of wood.  The plaintiff recovered a
verdict for $416.40 while the testimony was sharply contradictory, the jury was
justified in finding that the amount of the verdict was due from the defendant
to the plaintiff.  But this sum was not due for wood sold.  The debt grew out
of a transaction concerning wood, but no wood was sold by the plaintiff to the
defendant.

The account annexed is a substitute for the common count for goods sold and
delivered, or goods bargained and sold.  Under this count delivery need not be
proved, but a sale must be shown.  In the pending case the only count was on
account annexed.  No sale was proved.  There was, therefore, a variance.
But the variance was waived.  The case was fully tried on its merits.  The real
issue between the parties was submitted to the court and jury.  No evidence
offered by either party was objected to on account of the form of the declaration.
No claim of variance was set up until after verdict rendered.  Neither party
has been prejudiced by any looseness or irregularity in the pleading.

Not prima facie but upon production of evidence showing the issue in fact tried,
the judgment in this case will bar a further action for the cause actually litigated.

The verdict being justified on the facts and the error in pleading being waived
the defendant's motion is overruled.

Action of assumpsit to recover the value of forty cords of wood at
$10 per cord.  The account attached to the writ was as follows:

1918 March 1.  To forty cords hard wood at $10 per cord, $400.

Defendant filed plea of general issue. Verdict for plaintiff in the sum of $416.40. Defendant filed motion for new trial. Judgment in accordance with opinion.

Case stated in opinion.

*H. E. Hall, A. S. Littlefield,* for plaintiff.

*Carl M. P. Larrabee,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. Action of assumpsit on account annexed for forty cords hard wood at ten dollars per cord. Verdict for the plaintiff for $416.40. The case comes to this court on motion.

The plaintiff, owning a lot of lumberland in South Bristol, sold to one W. A. Cole the stumpage of all the soft wood lumber on the lot suitable for sawing and also granted to him the right to set up on the land and operate a portable saw mill. Cole transferred his rights to the defendant, who constructed a mill and cut and sawed the soft wood lumber on the plaintiff's lot and on three neighboring lots, the lumber on which he had acquired from others.

The trouble between the parties resulting in this suit grew out of a transaction collateral to the above. The defendant located his mill with reference to water and other facilities, but its site was surrounded by a hard wood growth which he had no right to cut and which was so young as to be unprofitable to cut. To provide a suitable place near the mill for piling and sticking his lumber he had to secure the plaintiff's consent to the removal of this growth.

The defendant having been notified of the situation by his agent, or foreman, Joseph Couture, wrote the plaintiff, W. Kelsey, a letter as follows:

"Salem, Mass. November 16, 1917.

MR. KELSEY,
　　Damariscotta, Maine.
DEAR SIR:

I have just had a letter from Joseph Couture, stating the trouble was about 15 or 20 cords of wood, if that is all the trouble is, if you want to sell this wood at the market price there, allowing to clean off

the lot, we will pay for the 15 cords of wood or whatever we got, whatever wood is worth in that vicinity.    For instance, if we get 15 cords, we will allow you $10.00 a cord, rather than hold this mill open.

As far as my deeds are concerned, you gave me the privilege to go ahead and set my mill there and stick lumber on the lot, and you wrote this out on your deed.    Whilst I don't want to have any dispute or fuss over this matter, it is so small, we have a perfect right to go ahead and stick lumber according to deed to Mr. Cole.    You have given the privilege to put my mill on the lot and stick lumber there.

We are not taking this stand at all, we will pay you for the 15 cords of wood or what we got at $10.00 a cord, if you will let this mill go along without delay.    If this is satisfactory go ahead and notify my man to start at once on this mill, and let me know and we will arrange it that way.

Yours truly,

W. A. IRVING."

The plaintiffs accepted this offer and so notified Couture.

After the acceptance of the offer contained in the letter the defendant came to South Bristol and had an interview with the plaintiff, Webster Kelsey.    At this interview the contract was in some degree changed or supplemented.    To what extent changed or supplemented is the issue of fact in the case.

The defendant claims that it was totally rescinded and a new contract substituted, whereby the plaintiffs were to clear the wood off the proposed sticking ground and in addition to the wood were to receive and accept in full payment the flat sum of ten dollars.    On the other hand, the plaintiff, W. Kelsey, says that the existing contract was expressly affirmed but that he made a further agreement to clear the wood off and for so doing was to have the wood.

This issue was submitted to a jury.    The testimony showed that the plaintiffs had cleared the lot; that they cut seven cords themselves and that thirty-eight cords were cut by others to whom they gave permits and from whom they received as stumpage fifteen dollars. The jury returned a verdict for the plaintiffs for four hundred dollars and interest.    The verdict was justified.

A contract was made whereby the defendant agreed to pay the plaintiffs ten dollars per cord for the wood standing and growing upon a lot of land that he desired to use as a piling and sticking ground. This may have been an unprofitable contract for the defendant, but by the letter and acceptance this was the contract which the parties made. The argument of probability and the weight of evidence is opposed to the contention that this contract was rescinded or that it was modified as the defendant claims by reducing the consideration from ten dollars a cord to ten dollars flat.

The defendant says that without regard to the merits, this action on account annexed must fail because of want of proof of delivery. But an action on account annexed for specified goods or merchandise does not require proof of delivery to support it. In the case of *Atwood* v. *Lucas*, 53 Maine, 508, a contrary view is expressed, but this case, as Justice Colt remarks in *Morse* v. *Sherman*, 106 Mass., 430, "erroneously assumed that goods bargained and sold required a special count and could not be recovered for under the common counts." And in *Cape Elizabeth* v. *Lombard*, 70 Maine, 399, Judge Peters says that "even delivery is not necessary (to support an account annexed) when title to the goods passes without delivery."

But while delivery is unnecessary a sale must be shown. Long usage has sanctioned the use of the account annexed as a substitute for the common counts for goods sold and delivered or bargained and sold. To support the action a sale must appear.

The letter and acceptance constituted a license to cut trees. The licensee did not cut the trees; therefore the title did not pass. There was no sale. *Erskine* v. *Savage*, 96 Maine, 57; *Stearns* v. *Washburn*, 7 Gray, 188.

After the contract was modified it presented no semblance of sale. There was no passing of title and none was intended. The property in and possession of the growth remained in the plaintiffs. The transaction related to the clearing of land and not to the sale of wood.

But it is the opinion of the court that the defendant has waived this objection. The case was fully tried on its merits. The real issue between the parties was submitted to the court and jury. No evidence offered by either party was objected to by reason of the form of the declaration. No claim of variance was set up until after verdict rendered. Neither party has been prejudiced by any looseness or irregularity in the pleading. Not prima facie indeed, but upon

production of evidence showing the issue which was in fact tried and determined the judgment in this case will bar a further action for the cause actually litigated.  *Rogers* v. *Libby,* 35 Maine, 202; *Sturtevant* v. *Randall,* 53 Maine, 153; *Walker* v. *Chase,* 53 Maine, 260; *Lander* v. *Arno,* 65 Maine, 28.

Had the case resulted in a verdict for the defendant the judgment based upon such verdict would have been a bar.

"A party shall not take the chance of obtaining a decision in his favor without being bound by the result if the decision is against him." *Raymond* v. *County Commissioners,* 63 Maine, 110; *Shepherd* v. *Maine Central R. R. Co.,* 112 Maine, 350.

It is now too late for the defendant to take advantage of defects in the declaration not objected to at the nisi prius trial and which do not affect his substantial rights.

"Litigation is an expense to the public as well as to the parties. In fact the expense to the public is often greater than it is to the parties.  It is for the public good, therefore, that there be an end of litigation.  And when a case has been once fairly tried it ought not be tried over again, even if the parties are willing." *Walker* v. *Chase,* 53 Maine, 260.  See also *Whiting* v. *Burger,* 78 Maine, 296; *City Club* v. *Howes,* 92 Maine, 214; *Cowan* v. *Bucksport,* 98 Maine, 308; *Shepherd* v. *Railroad Company,* 112 Maine, 353; *Coan* v. *Auburn Water Com'rs,* 109 Maine, 312.

The defendant sets up the further claim that the evidence does not show the cutting of forty cords of "hard" wood as claimed in the account annexed.

This objection does not go to the merits inasmuch as the letter of November 16th does not specify hard wood.  The evidence proves the cutting of forty-five cords of wood only in small part*soft.

In this finding that forty cords of hard wood were cut the jury were not manifestly in error.

Moreover, this point not having been raised at nisi prius must be held waived.

*Motion overruled.*