Hobson, J.

This is an action of contract to recover damages for the defendants’ breach of a purchase order given by them to the plaintiff for the delivery of 7 crates of aluminum sheets. The plaintiff is a Massachusetts corporation with its principal place *2 of business in Springfield, Hampden County. The defendants are residents of the State of Indiana. The purchase order herein was given by the defendants to a salesman from the plaintiff’s office in Cleveland, Ohio, who in turn sent it to the main office at Springfield for shipment and billing.
This order was duly shipped to the defendants, on sight draft, as per the terms of the order, and a copy of the invoice mailed simultaneously to the defendants. Upon arrival at destination, the defendants were unable to pay the sight draft and made arrangements with the carrier to hold it for them. The carrier upon instructions by the defendants held the materials for four weeks. Then the market price of aluminum dropped, and the defendants instructed the carrier to return the shipment with consequent loss to the plaintiff of freight, handling and reduction in value.
The plaintiff instituted suit in the District Court of Springfield, claiming jurisdiction was conferred by the terms of sale contained in the invoice. In particular the plaintiff refers to the following terms of sale printed on the back of the invoice'.—
"Acceptance of these materials shall be construed as an agreement by buyers to be bound by all the terms and conditions contained herein. Retention for three days following delivery shall be construed as acceptance. This contract is consummated under and governed by the laws of the Commonwealth of Massachusetts.”
"All parties hereto consent that both the District Court of Springfield, and the Superior Court for Hampden County, which courts are held at Springfield, Massachusetts, shall have exclusive jurisdiction of any and all controversies or claims arising out of or relating to this contract; and each party further consents that any process or notices of motion or other application to either of said Courts, or to any Judge thereof may be served outside the Commonwealth by registered mad addressed to *3 their place of business, provided a reasonable time for appearance is allowed.”
The plaintiff filed a Request for Order of Notice to be served upon the defendants by registered mail. This request was denied by the trial judge, (Ehrlich, Sp. /.,) who reported his decision to the Appellate Division for review.
There is nothing in the report showing the reason why the trial judge denied the plaintiff’s request for an order of notice. It must be inferred that he did so because he found that the court had no jurisdiction of the case. He could reach this conclusion by finding that any contract made by the parties whereby the defendants agreed to submit any and all controversies or claims arising out of or relating to the contract to the jurisdiction of the District Court of Springfield was invalid and of no legal effect; or, by finding that no valid contract to that effect was ever made by the parties.
In view of the fact that no contract was ever made by the parties by the terms of which the defendants agreed to submit such controversies or claims to the jurisdiction of the District Court of Springfield, it becomes unnecessary to discuss whether or not such a contract, if made, was valid and binding upon the defendants.
It appears that the defendants, in Indiana, gave an order for the merchandise in question to a salesman of the plaintiff, who forwarded it to the main office of the plaintiff in Springfield. There is nothing whatever in the report to show that in the order given by the defendants there was any provision or agreement whereby they were to submit any controversies or claims to the District Court of Springfield. It further appears that the merchandise ordered was shipped to the defendants, on sight draft, as per terms of the order, and a copy of the invoice mailed simultaneously to the defendants.
When the plaintiff shipped the merchandise to the *4 defendants, as per terms of the order, it thereby accepted the offer or order of the defendants and a contract came into being, which contract could not be changed, modified or enlarged in any way except by consent and agreement of the parties.
The plaintiff attempted to make a change, modification and enlargement of the contract by forwarding to the defendants the invoice with the terms and conditions heretofore recited printed on the reverse side thereof.
This attempt was ineffectual for two reasons; First, there is nothing in the report to show that the defendants ever had actual notice of said terms and conditions on the reverse side of said invoice, which must be proven to bind them, and therefore there was no evidence that the defendants ever agreed to said terms and conditions so as to change, modify or enlarge the original contract. Second, there was never any acceptance by the defendants of the materials shipped, and as one of the terms provided that "acceptance of these materials shall be construed as an agreement by buyers to be bound by all the terms and conditions contained herein”, without such acceptance, there never was any contract between the parties whereby the defendants agreed to submit said controversies and claims to the jurisdiction of the District Court of Springfield.
With reference to the first reason above given, we would call attention to the fact that the invoice in question was no part of the original contract. No invoice had to be sent to make the contract a binding one. On its face it purported to be what, in commercial transactions an invoice is defined to be, namely, "a written account of the particulars of merchandise shipped or sent to a purchaser, consignee, factor, etc., with the value or prices and charges annexed.” Merchants Exch. Co. v. Weisman, (Mich) 93 N.W. 869, 870. On its face it did not purport to be an acceptance by the defendants of the *5 offer of the plaintiff to accept their order upon terms varying from those included in the original offer. The words "This invoice is subject to the terms and conditions on the reverse side hereof”, appearing on the bottom of the face of the invoice, do not make it such. Where an instrument, which on its face purports to set forth the terms of a contract, is given to a person, the latter, whether he reads it or not, by accepting it assents to its terms and is bound thereby in the absence of fraud; where, however, as in this case, the instrument given to a person is apparently an invoice, rather than a contract, such person is not bound by its terms unless they are actually known to him. Kergald v. Armstrong Transfer Express Co., 330 Mass. 254.
There being nothing to show that the defendants had actual notice of the terms and conditions on the reverse side of the invoice so as to be bound by its terms, we conclude that defendants never agreed to submit any controversies or claims to the jurisdiction of the District Court of Springfield.
With reference to the second reason above given, even if defendants did consent to the terms and conditions on the reverse side of the invoice and agreed to be bound thereby, said terms and conditions were of no legal effect until and unless the defendants accepted the materials. Such acceptance was necessary to constitute an agreement on the part of the defendants to be bound by the change, modification and enlargement of the terms of the original contract, as proposed on the reverse side of the invoice. This acceptance must be as positive and as unequivocal as an acceptance of the original offer. This should be particularly true in this case, where the agreement claimed to have been entered into is one of great importance, inasmuch as it would deprive the courts of the State of Indiana of jurisdiction over certain of its residents and give jurisdiction over them to certain courts in Massachusetts, a jurisdiction not *6 given to said Massachusetts courts by any statutes of our Commonwealth.
The same construction should be given to the word "acceptance” used in the terms and conditions heretofore mentioned, namely, "acceptance of these materials”, as is given to the word "acceptance” in G. L., c. 106, §6, where, among other things, it is provided that a contract to sell or a sale of any goods, etc. of the value of five hundred dollars shall not be enforceable by action unless the buyer shall accept part of the goods *** contracted to be sold and actually receive the same ***. It is to be noted that the value of the goods as set forth in the invoice, is in excess of five hundred dollars and therefore the Statute of Frauds would apply to any contract for their purchase. In Remick v. Sandford, 120 Mass. 309, 316, it is said that to constitute an acceptance to satisfy the Statute of Frauds there must be "some unequivocal act done on the part of the buyer, with the intent to take possession of the goods as owner (emphasis supplied). The sale must be perfected and this is to be shown, not by proof of a change of possession only, but of such changes with such intent. *** That there has been an acceptance of this character, or that the buyer has conducted himself, in regard to the goods, as owner, (as by a resale, which would deprive him of the option to take or decline them, and which is of itself an acceptance,) is to be proved by the party setting up the contract. It cannot be inferred, as matter of law, merely from the circumstance that the goods have come into the possession of the buyer.”
That the interpretation above given to the words "acceptance of these materials” is the correct and proper one to be given is strengthened by some of the other terms and conditions set forth on the back of the invoice. First, that the shipment was subject to inspection by the purchasers upon delivery. This must mean delivery to the purchasers in Indiana by *7 the shipper and not upon delivery to the shipper by the plaintiff in Massachusetts. Second, it is provided that retention of the materials for three days following delivery shall be construed as acceptance. There could be no retention of the materials until they had first been received by defendants and taken into their possession.
While under G. L., c. 106, §35, delivery of the merchandise to the carrier might be considered a delivery to the defendants, the clear and unequivocal acts, showing acceptance, or from which an acceptance may be inferred, must relate to some dealing with the property itself by the defendants or their authorized agent after the delivery to them of the whole or part of the merchandise. Knight v. Mann, 118 Mass. 143, 146. To constitute acceptance of the merchandise in this case there must not only have been a delivery thereof by the plaintiffs to the defendants, but also some unequivocal acts of ownership or control of the goods on the part of the defendants. Safford v. McDonough, 120 Mass. 290, 291. Rodgers v .Jones, 129 Mass. 420, 422.
We find in the report no evidence of any unequivocal act or acts done on the part of the defendants with the intent to take possession of the merchandise as owners thereof. The only acts of the defendants as reported, to wit, arranging with the carrier to hold the materials for a time and then requesting that they be returned to the plaintiff, are not indicative of an intent on their part to accept and receive the same as owners, but rather indicative of a positive intent not to accept and receive them but to return them to the plaintiff.
It follows that, inasmuch as there is nothing whatever in the report showing or tending to show that defendants contracted with the plaintiff to submit any and all controversies or claims arising out of or relating to their offer to purchase the merchandise to the jurisdiction of the District Court of Spring *8 field by assenting to the terms and conditions on the reverse side of the invoice or by accepting the merchandise from the shipper and thereby agreeing to a modification or change of the original contract by making a part thereof the aforesaid terms and conditions, the action of the trial judge in denying the request for the order of notice was proper and without error.
Cohen, Draymore and Michelman, for the plaintiff.
Brooks and Wallace, Specially for defendant.